Robert B. Jobe (Cal. State Bar #133089)
Katherine M. Lewis (Cal. State Bar #247258)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 840-0308
Email: bob@jobelaw.com

Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WENYING LI,<br>XU CHEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY, JONATHAN SCHARFEN, ACTING DIRECTOR, USCIS; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; GERARD HEINAUER, DIRECTOR, USCIS NEBRASKA SERVICE CENTER; LYNNE SKEIRIK, DIRECTOR, U.S. DEPARTMENT OF STATE, NATIONAL VISA CENTER,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>USCIS Agency Numbers:<br>79-610-396   (Wenying Li)<br>97-123-355   (Xu Chen) |

**COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF**

By and through their undersigned attorney, Plaintiffs, WENYING LI ("Ms. Li") and XU CHEN ("Xu"), as and for their complaint, allege as follows:

**PRELIMINARY STATEMENT**

1. Ms. Li is a native and citizen of China who has been granted asylum in the United States. More than two years ago, Ms. Li filed petitions to confer derivative asylee

Complaint for a Writ of Mandamus

benefits on her husband, Desen Chen, and son, Xu Chen, with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1] The USCIS approved those petitions on October 18, 2006. To date, the American Embassy in Guangzhou, China, has not issued a travel document to Ms. Li's son, who remains alone in China, separated from his family. This action seeks to compel USCIS to issue a travel document to Xu, pursuant to Ms. Li's approved I-730 petition.[2]

## JURISDICTION

2.      Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiffs; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3.      Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district, Ms. Li resides in this district, and no real property is involved in this action.

## INTRA DISTRICT ASSIGNMENT

4.      Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan*, *Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

[2] The Receipt Number assigned by the USCIS to the I-730 petition filed by Ms. Li on behalf of her son is LIN-06-082-52066.

Complaint for a Writ of Mandamus                        2

## STANDING

5.     The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably prolonged the separation of the Xu from his immediate family members. Plaintiffs thus fall within the APA's standing provisions. *See Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds,* 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFFS

6.     Wenying Li is a native and citizen of China who currently resides at 2210 Turk Street, Apt. #3, San Francisco, CA 94118. On July 21, 2003, the San Francisco Immigration Court granted Ms. Li asylum on a conditional basis pursuant to the Coercive Population Control Program ("CPC"). The condition on the grant of asylum was removed and Ms. Li was granted asylum as of November 16, 2005, pursuant to Section 101(g)(2) of the REAL ID Act of 2005, Pub.L. 109–13 (May 11, 2005). On or about January 24, 2006, she petitioned the USCIS, on Forms I-730, to confer derivative asylee status on her husband and son. Although the USCIS approved those petitions on October 18, 2006, it has inexplicably failed to issue a travel document to her son, Xu Chen, the derivative plaintiff.[3]

7.     Xu Chen, a native and citizen of China, is Ms. Li's son. He presently resides at 29 Yuan Tian Cun, District Chang Dong, Taishan City, Guangdong, China. He has been unable to join his parents in the United States because of the USCIS's inexplicable delay in issuing him a travel document.

## DEFENDANTS

8.     Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity.

---

[3] The I-730 petition filed by Ms. Li on behalf of her husband was also approved on or about October 18, 2006; Ms. Li's husband is in the United States and thus does not require a travel document.

Complaint for a Writ of Mandamus                    3

Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

9. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

10. Jonathan Scharfen is the Acting Director of USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Scharfen is sued herein in his official capacity.

11. The United States Citizenship and Immigration Services (USCIS) is the federal agency within the Department of Homeland Security that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

12. Gerard Heinauer is the Director of the USCIS Nebraska Service Center and is sued in his official capacity.

13. Lynne Skeirik is the Director of the U.S. Department of State's National Visa Center and is sued in her official capacity.

## FACTS

14. In enacting the Refugee Act of 1980, Congress expressed its commitment to the "historic policy of the United States to respond to the urgent needs of persons subject to persecution in their homelands." *Refugee Act of 1980*, Pub. L. No. 96-212, 94 Stat. 102 (1980). A priority of this policy was the preservation and protection of the families of people granted asylum in this country. The INA provides that a spouse or child of an asylee "may . . . be granted the same status as the [asylee] if accompanying, or following to join, such alien." INA § 208(b)(3) [8 U.S.C. § 1158(b)(3)]; *see generally* 8 C.F.R. § 1208.21.

15. USCIS regulations outline the procedures that must be followed for an asylee to petition for a spouse and/or children who are outside the United States. For each family member, the asylee must file a Refugee/Asylee Relative Petition (Form I-730) with the USCIS, "setting

Complaint for a Writ of Mandamus                               4

1  forth the full name, relationship, date and place of birth, and current location of each [qualifying
2  family member]." 8 C.F.R. § 1208.21(d).

3      16.    Once the USCIS approves the petition, it forwards the petition to the Department of State's National Visa Center "for delivery to the American Embassy or Consulate having jurisdiction over the area in which the asylee's spouse or child is located." 8 C.F.R. § 1208.21(d). Officers of the USCIS at the American Embassy then have the ministerial duty of issuing travel documents to the beneficiaries of the approved I-730 petitions.

    17.    This lawsuit arises out of Defendants' illegal delay of nearly two (2) years in the issuance of a refugee travel document to Xu.

    18.    Ms. Li was born on May, 7, 1956 in Guangdong, China. After fleeing China and arriving in the United States, Ms. Li filed an application for asylum and, on July 21, 2003, the San Francisco Immigration Court granted asylum on a conditional basis pursuant to the Coercive Population Control Program. The condition on the grant of asylum was removed and Ms. Li was granted asylum as of November 16, 2005, pursuant to the REAL ID Act of 2005.

    19.    On or about January 24, 2006, Ms. Li filed I-730 Refugee/Asylee Relative Petitions with the USCIS Nebraska Service Center ("NSC") on behalf of her husband, who was in the United States, and her son, who is in China. *See* 8 C.F.R. § 1208.21. On October 18, 2006, the NSC approved both petitions. Xu's I-730 was then forwarded to the Department of State National Visa Center on October 25, 2006. To date, however, Xu has not been issued a travel document.

    20.    Since that time, Ms. Li has taken exhaustive steps to compel Defendants to issue a travel document to her son. Ms. Li, through counsel, emailed USCIS in Guangzhou, China on December 19, 2007 to request that her son's case be expedited. USCIS in Guangzhou, China responded to that email, indicating that Xu's case was pending for an interview, but indicated that since there was more than one beneficiary, it wanted to group all the family members together for an interview. The email requested a statement from Ms. Li about the multiple beneficiaries. Ms. Li, through counsel, faxed a cover letter with a signed declaration, to the USCIS officer in Guangzhou, China, as requested. Ms. Li explained that her husband had

Complaint for a Writ of Mandamus     5

1  entered the United States on a B-2 visa on June 25, 2001 and has resided in the United States
2  since that time, as was indicated on his I-730 application, while her son resides in China, as
3  indicated on his I-730 application. The letter again requested that Xu's case be expedited since
4  he has been separated from his parents for over five years. Neither Ms. Li nor her son, Xu, have
5  received a response to this letter from USCIS.

6  21. Despite Ms. Li's exhaustive steps, the USCIS has still not issued a travel
7  document to Xu. As a result, Ms. Li remains separated from her son – who is alone in China –
8  because the employees of the USCIS have unlawfully failed to issue a travel document to the
9  derivative plaintiff.

10  22. Defendants' willful delay in issuing a travel document to Ms. Li's son
11  clearly contravenes the USCIS's duty to process the approved family petition within a reasonable
12  period of time. As a result of this delay, Ms. Li's son remains alone in China, separated from his
13  parents.

14  23. This civil action seeks a writ of mandamus ordering Defendants to <u>immediately</u>
15  issue a travel document to Xu.

16  24. Plaintiffs have exhausted any administrative remedies that may exist. No other
17  remedy exists for Plaintiffs to resolve Defendants' refusal to comply with their regulatory
18  obligations within a reasonable period of time.

19  25. Defendants' illegal action has kept Plaintiffs in separate countries without the
20  ability to be reunited. Ms. Li's son cannot travel to the United States as a derivative asylee
21  because of Defendants' illegal action.

22  26. Plaintiffs have suffered, and will continue to suffer, irreparable injury for which
23  they have no adequate remedy at law. If the relief prayed for is not granted, Plaintiffs will suffer
24  continued separation and extreme individual hardship.

**FIRST CAUSE OF ACTION**
**(Mandamus)**

27. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 26 above as though
fully set forth herein.

28. Defendants have the nondiscretionary duty to issue a travel document to Ms. Li's

son within a reasonable period of time.  By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties.  Plaintiffs are entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to issue a travel document to Xu.

### SECOND CAUSE OF ACTION
**(Violation of the Administrative Procedure Act)**

29.     Plaintiffs repeat, allege, and incorporate paragraphs 1 through 28 above as though fully set forth herein.

30.     Plaintiffs are persons aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*  By failing to issue the travel document to Xu, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Complaint for a Writ of Mandamus                            7

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' failure to issue a travel document to Xu Chen pursuant to Wenying Li's approved I-730 petition to be a violation of 8 C.F.R. § 1208.21 and the Administrative Procedure Act;

(3) Order the USCIS to immediately issue a travel document to the derivative plaintiff;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: July 23, 2008                                    Respectfully submitted,


                                                        _____
                                                        Robert B. Jobe
                                                        Katherine M. Lewis
                                                        LAW OFFICE OF ROBERT JOBE
                                                        550 Kearny Street, Suite 200
                                                        San Francisco, CA 94108
                                                        Tel:   (415) 956-5513
                                                        Fax:   (415) 840-0308
                                                        Email: bob@jobelaw.com

                                                        Attorneys for Plaintiffs

Complaint for a Writ of Mandamus                    8