IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENYING LI and XU CHEN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>　　　　Defendants | No. C-08-3540 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT; DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT; DISMISSING COMPLAINT WITHOUT PREJUDICE; VACATING HEARING** |

Before the Court is defendants' "Motion to Dismiss or for Summary Judgment," filed September 26, 2008. On October 21, 2008, plaintiffs filed their "Opposition to Defendants' Motion to Dismiss and for Summary Judgment; Plaintiffs' Cross-Motion for Summary Judgment." On October 31, 2008, defendants filed their "Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or for Summary Judgment; Opposition to Plaintiffs' Motion for Summary Judgment." On November 14, 2008, plaintiffs filed their "Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment."[1]

---

[1] Plaintiffs did not provide the Court with a chambers copy of their Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment. For future reference, plaintiffs are reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision thereon, VACATES the hearing scheduled for November 21, 2008, and rules as follows.

In their complaint, plaintiffs seek an order compelling defendants to "immediately issue a travel document" to plaintiff Xu Chen ("Chen"), (see Compl., prayer ¶ 3), following defendants' prior approval of a "petition[ ] to confer derivative asylee benefits" filed on behalf of Chen by plaintiff Wenying Li ("Li"), (see Compl. ¶ 1). Plaintiffs bring their claims under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act, 5 U.S.C. § 701 et seq., (see Compl. ¶¶ 28, 30), and allege that venue is proper in the Northern District of California because "a substantial part of the events giving rise to [plaintiffs'] claim occurred in this district" and because plaintiff Li, a citizen of China, "resides in this district," (see Compl. ¶¶ 3, 6). In their motion, defendants, in addition to addressing the merits of the complaint, seek dismissal on the ground venue is improper in the Northern District of California.

Because plaintiffs have sued officers of the United States, the propriety of venue is governed by 28 U.S.C. § 1391(e), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

See 28 U.S.C. § 1391(e)(3). Defendants argue that subsection (2), upon which plaintiffs rely, is inapplicable, for the reason the complaint fails to allege any facts to support a finding that any part of plaintiff's claims arise from events or omission occurring in this District, and that subsection (3), upon which plaintiffs also rely, is inapplicable, for the reason an alien, for purposes of establishing venue, is not considered a resident of any district.

//

**A. Section 1391(e)(2)**

Plaintiffs' complaint alleges, and defendants have offered evidence to confirm, the following:

(1) In 2005, Li, a citizen of China, was granted asylum in the United States. (See Compl. ¶ 17; Heinauer Decl. ¶ 3.)

(2) In January 2006, Li petitioned the United States Citizenship and Immigration Services ("USCIS") to confer derivative asylee status on Chen, by filing such petition with the USCIS Nebraska Service Center. (See Compl. ¶ 19; Heinauer Decl. ¶¶ 4, 7.)

(3) In October 2006, the USCIS approved the petition, and forwarded the approved petition to the Department of State National Visa Center ("National Visa Center") that same month. (See Compl. ¶ 20; Heinauer Decl. ¶ 7, 13.)

(4) The National Visa Center subsequently delivered the approved petition to China, where USCIS officers received it. (See Compl. ¶ 16; Heinauer Decl. ¶¶ 13, 14.)[2]

(5) At the present time, the matter is pending before USCIS officers in Guangzhou, who have not yet scheduled an interview of Chen. (See Compl. ¶ 20.)[3]

As noted above, plaintiffs seek an order requiring defendants to issue travel documents to Chen. As made clear by the above allegations, plaintiffs' claims arise from an asserted omission, or failure to act, on the part of USCIS officers located in China and/or their superiors. The complaint, however, includes no factual allegations suggesting

---

[2] Although the complaint does not allege the date on which the approved petition was delivered to China, defendants have offered evidence that it was "forwarded" to the USCIS office in Hong Kong, which office subsequently "performed data entry" in March 2007 and then sent the case to the USCIS office in Guangzhou "for scheduling of [an] interview." (See Wong Decl. ¶ 17.)

[3] According to defendants, the USCIS office in Guangzhou processes cases "on a first in-first out basis," and, as of September 10, 2008, there were "2,395 families ahead of [plaintiffs' family]." (See Wong Decl. ¶ 18.) Defendants, as of September 10, 2008, estimated that it will take "around 16 months" to "process[ ]" the matter in Guangzhou, after which it will take the Department of State "from three to six months" to issue a Security Advisory Opinion. (See id. ¶ 18.) According to defendants, the USCIS officers in Guangzhou will issue travel documents to Chen only after the Department of State issues a Security Advisory Opinion. (See id.) Consequently, it appears that defendants are estimating the travel documents at issue herein would, at the earliest, be issued nineteen months after September 10, 2008.

any failure to act by anyone located in this District.[4]

Accordingly, the Court finds plaintiffs cannot establish venue pursuant to 28 U.S.C. § 1391(e)(2).

**B. Section 1391(e)(3)**

Courts have long held that, for venue purposes, an alien is "assumed not to reside in the United States." See Galveston, H. & S.A. Ry. Co. v. Gonzales, 151 U.S. 496, 506-07 (1894) (holding alien plaintiff "must resort to the domicile of the defendant"); Arevalo-Franco v. INS, 889 F. 2d 589, 590 (5th Cir. 1990) ("Federal courts have interpreted [§ 1391] to deny venue to aliens, holding that for purposes of venue, aliens are not residents of any district despite where they might live.") (emphasis in original); Williams v. United States, 704 F. 2d 1222, 1225 (11th Cir. 1983) ("An alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives."); Prudencio v. Hanselman, 178 F. Supp. 887, 890 (D. Minn. 1959) ("[I]t is a basic venue principle that an alien is presumed not to reside in any district.").

Plaintiffs argue the above-stated rule does not apply to Li, because she is a permanent resident alien. In support of this proposition, plaintiffs rely on a case wherein a district court, in the course of considering a transfer for convenience, appeared to assume the action could have been brought in the district in which the plaintiff, a permanent resident alien, was living. See Abusadeh v. Chertoff, 2007 WL 2111036, at *5 (D. D.C. 2007). Plaintiffs' reliance on Abusadeh is unavailing, however, as the issue raised herein was not raised in the case, and, in any event, the action was transferred to the district where the defendant resided. See id.

Plaintiffs also rely on the principle that all aliens lawfully within the United States are entitled to the "protection of the Due Process Clause," and that such protection "is

---

[4] Although plaintiffs rely on their allegation that an immigration judge in San Francisco granted plaintiff Li asylum "on a conditional basis," (see Compl. ¶ 18), plaintiffs' claims do not arise from any act or failure to act on the part of the immigration judge.

4

particularly strong in the case of aliens lawfully admitted to permanent residence." See Demore v. Kim, 538 U.S. 510, 543-44 (2003) (Souter, J., concurring in part and dissenting in part). Plaintiffs' citation to such authority likewise is unavailing. Because at least two alternative forums exists, Li will not be denied due process if her claim is not heard in this district. Cf. Williams, 704 F. 2d at 1224, 1227 (11th Cir. 1983) (noting "possible constitutional implications" where resident alien filed action challenging tax assessment and applicable venue statute provided for venue only "in the judicial district where the plaintiff resides"). Specifically, the instant action could, at a minimum, be brought in the District Court for the District of Columbia, the district in which defendant Michael Chertoff resides, see, e.g., Al-Ahmed v. Chertoff, 564 F. Supp. 2d 16, 18 n.1 (D. D.C. 2008) (holding venue over action against Michael Chertoff "appropriate in the District of Columbia), or in the District of Nebraska, where defendant F. Gerard Heinauer resides, (see Heinauer Decl. ¶ 1).

Further, as defendants point out, when Congress intends to distinguish between categories of aliens, or to allow aliens to bring an action in the district of their residence, Congress has expressly done so. See, e.g., 28 U.S.C. § 1332(a) (providing that for purposes of diversity jurisdiction, interpleader actions, and removal jurisdiction, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled"); 8 U.S.C. § 1421(c) (providing alien whose application for naturalization is denied may bring action for judicial review "before the United States district court for the district in which such person resides"). Congress did not use similar language in the statute under which plaintiff Li sought asylum, see 8 U.S.C. § 1158, nor in the Mandamus Act or the Administrative Procedures Act, the statutes under which the instant claims are brought.

Accordingly, the Court finds plaintiffs cannot establish venue pursuant to 28 U.S.C. § 1391(e)(3).

//

//

5

**C. Propriety of Dismissal**

As discussed above, plaintiffs cannot establish venue is proper in the instant district under either § 1391(e)(2) or § 1391(e)(3). Further, plaintiffs do not allege, or argue in their opposition to the motion to dismiss, that any defendant resides in this district. See 28 U.S.C. § 1391(e)(1). Under such circumstances, venue is improper in the instant district.

Accordingly, the instant action will be dismissed without prejudice to plaintiffs' refiling their complaint in a proper venue.[5]

**CONCLUSION**

For the reasons stated above:

1. To the extent defendants' motion to dismiss or for summary judgment is based on lack of venue, the motion is hereby GRANTED and the complaint is DISMISSED without prejudice to plaintiffs' refiling it in a proper venue.

2. To the extent defendants' motion to dismiss or for summary judgment seeks a ruling on the merits of plaintiffs' claims, the motion is hereby DENIED without prejudice.

3. Plaintiffs' cross-motion for summary judgment is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: November 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[5] Although the Court has the discretion to transfer an action filed in an improper venue to a proper venue, see 28 U.S.C. § 1406(a), plaintiffs have not requested the Court exercise such discretion in the event the Court were find venue improper in the instant district.